# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

UNITED STATES OF AMERICA,

v.

LESHANDA HUNTE,

      Defendant.

1:17-cr-193-WSD-2

## OPINION AND ORDER

This matter is before the Court on the Government's Notice of Intent to Use Evidence Under Fed. R. Evid. 404(b) [62] and Defendant Leshanda Hunte's Response and Objection to the Government's Notice of Intent to Use 404(b) Evidence [65].

## I. BACKGROUND

On June 8, 2017, a federal grand jury returned a six-count indictment [1] charging Defendants Menard and Hunte with conspiracy and theft of government money. Defendant Menard pled guilty to Count 1 on January 11, 2018.

On January 16, 2018, a federal grand jury returned a First Superseding Indictment [58-1] against Defendant Hunte. The First Superseding Indictment charges that, from September 5, 2012, until November 2, 2012, Defendant Hunte, her then fiancée Menard, and others conspired and stole government money in the

form of federal tax refunds issued because of fraudulent federal tax returns. (Id.) As alleged, the conspirators caused the tax refunds to be deposited into two Chase Bank bank accounts (ending in 8063 and 2018) opened jointly by Hunte and Menard. (Id., ¶ 5, 6(a)-(b).).

Defendant Hunte's trial is scheduled to begin on February 12, 2018. The Government anticipates that Defendant Hunte will argue that she did not know that the two joint accounts were used to commit a fraudulent tax refund scheme.

On January 22, 2018, the Government filed a Notice of Intent to Use Evidence Under Fed. R. Evid. 404(b) [62]. The Government states its intention to introduce evidence of six federal tax refunds that were wired to various accounts owned by Hunte in November 2011 (the "2011 Tax Returns"), as reflected in the table below.

| Intended Payee's Initials | Amount of Refund | Date of Wire Transfer | Bank Account (last 4 digits) |
|---|---|---|---|
| H.B. | $8,421.00 | 11/14/2011 | 2018 |
| L.D. | $8,226.00 | 11/18/2011 | 4852 |
| L.L. | $8,325.00 | 11/18/2011 | 4852 |
| L.M. | $8,180.96 | 11/18/2011 | 7230 |
| J.T. | $8,219.02 | 11/18/2011 | 7230 |
| M.W. | $8,205.81 | 11/18/2011 | 2018 |

The account ending in 2018 is the same joint account referenced in the First Superseding Indictment. The First Superseding Indictment does not reference the account ending in 4852, jointly owned by Hunte and Menard, or the account ending in 7230, opened solely by Hunte.

The Government states that "[t]hese refunds were issued based on fraudulent tax filings because all six of the payees were deceased when the IRS received their tax returns." ([62] at 3). The government plans to prove the theft of these refunds through certified copies of the tax filings and death certificates, testimony that the IRS received the filings and wired the refunds to Hunte's accounts and Chase Bank statements confirming the deposits. (Id.)

The government also plans to introduce evidence of a tax return filed on behalf of P.M. (the "P.M. Tax Return"). As stated by the Government:

> [O]n or about February 17, 2012, the United States Treasury issued a $2,905 federal tax refund to a person with the initials of P.M. The Treasury sent two wires in connection with this refund – $905 to P.M.'s account and $2,000 to Hunte's account ending in 7230. P.M. will testify that a person she knew as "Shonda Johnson" filed the tax return without P.M.'s permission and that the return included falsified information. P.M. will also testify that "Shonda Johnson" never told her about the $2,000 and that P.M. only discovered the additional wire transfer after she contacted the IRS. The government also intends to introduce the relevant monthly bank statements to show that the refund money was spent for the conspirators' own purposes.

([62] at 3).

The Government contends that "[e]vidence regarding the fraudulent tax filings and the deposit of the resulting tax refunds into bank accounts controlled by Hunte— including bank records, tax returns, death certificates, and victim testimony—is admissible at trial under Rule 404(b)." (Id.). Defendant Hunte objects to the Government's planned introduction of this 404(b) evidence. ([65]).

## II. DISCUSSION

### A. Legal Standard

Under Rule 404(b), "[e]vidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Fed. R. Evid. 404(b)(1). However, "[t]his evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Id. 404(b)(2).

> To admit evidence under Rule 404(b), three conditions must be met: (1) the evidence must be relevant to an issue other than the defendant's character; (2) the act must be established by sufficient proof to permit a jury finding that the defendant committed the extrinsic act; and (3) the probative value of the evidence must not be substantially outweighed by its undue prejudice and must meet the other requirements of Rule 403.

United States v. Rodriguez, 452 F. App'x 883, 886 (11th Cir. 2012) (citing United

States v. Matthews, 431 F.3d 1296, 1310-11 (11th Cir. 2005) (per curiam)).[1]
The Court applies this three-prong test to the Rule 404(b) evidence sought to be introduced by the Government.

B. Analysis

The Government seeks to introduce evidence concerning the 2011 Tax Returns and the P.M. Return as evidence of Defendant Hunte's knowledge and intent to commit the charged offense. The First Superseding Indictment charges Defendant Hunte with theft of government money under 18 U.S.C. § 641. The Defendant can be found guilty of this crime only if the Defendant knowingly and willfully intended to deprive the United States of the use or benefit of the deposited money. 18 U.S.C. § 641; see Corresponding 11th Cir. Pattern Jury Instructions.

1. The 2011 Tax Returns

Under the first prong, the Court finds that evidence concerning the 2011 Tax Returns is relevant to Defendant's intent to deprive the U.S. of money. "The test for relevancy under this part of the analysis is identical to the test established by rule 401 of the Federal Rules of Evidence. Rule 401 deems relevant evidence

---

[1] Rule 403 states that "[t]he court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.

which has 'any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.'" United States v. Williams, 816 F.2d 1527, 1531 (11th Cir. 1987). The 2011 Tax Return evidence makes it more probable that Defendant Hunte knowingly participated in a tax fraud scheme with Menard during the time frame alleged in the First Superseding Indictment.

Defendant argues that none of the six additional 2011 Tax Returns evidence intent because Defendant never endorsed or deposited a single tax refund check and the evidence of these alleged uncharged crimes is cumulative of the charged offenses. ([65] at 3). The two deposits to the account ending in 7230, owned solely by Hunte, are, however, probative of Defendant Hunte's intent to participate in the ongoing fraudulent tax scheme and evidence her intent to commit the charged offenses. That an account owned solely by her, and not jointly with her former co-defendant, was involved makes it is more likely that Defendant Hunte knowingly participated in the tax fraud scheme because she benefitted from it directly. The additional deposits into accounts owned jointly by Defendant Hunte and Menard were made at the same time as the deposits into the account owned solely by Defend Hunte and tend to prove an ongoing conspiracy. These deposits, made ten months before the charged offenses, also make it more likely that

6

Defendant Hunte was aware of the ongoing tax fraud scheme at the time of the charged offenses.

Under the second prong, the Court finds that the Government has established sufficient proof to permit a jury finding that the defendant committed the extrinsic act. To show the 2011 Tax Returns were fraudulently filed, the Government intends to admit documents (i.e. certified copies of the tax filings, death certificates for the tax filers, and bank statements confirming the deposits) and present testimony that the IRS received the filings and wired the refunds to Hunte's accounts. The evidence will, at the very least, establish that Defendant Hunte received fraudulently procured tax refunds when they were deposited into her account.

Under the third prong, the Court finds that the probative value of evidence concerning the 2011 Tax Returns is not substantially outweighed by its undue prejudice. Because the filing of the fraudulent 2011 Tax Returns is similar in nature to the charged offense and will be supported by similar evidence of stolen identity refund fraud, the introduction of this evidence is not likely to cause undue prejudice, confuse the issues, or mislead the jury. To address any claim of

prejudice, the court will give the jury a limiting instruction.[2] The Court does not anticipate that introduction of this largely documentary evidence to support additional instances of stolen identity refund fraud will cause undue delay or waste time.

        2.      <u>The P.M. Tax Return</u>

The evidence concerning the P.M. Tax Return is also admissible under Rule 404(b) for a limited purpose. Defendant Hunte is charged with filing fraudulent tax returns without the authorization of the taxpayer for whom the refund was filed. The returns filed often were unauthorized and otherwise fraudulent because the taxpayer was deceased. The charged offenses all involve stolen identity refund fraud. Although the P.M. Tax Return actually resulted in the payment of a refund, the refund was not authorized to be filed by the taxpayer and Defendant Hunte benefited from the filing of this unauthorized return by causing a portion of the

---

[2]     The limiting instruction the Court intends to give is: "Ladies and gentlemen, the Government has offered evidence of tax refunds directly deposited into Defendant Hunte's personal bank accounts in November 2011 and evidence that the refunds were generated from the filing of alleged fraudulent returns. This evidence may be considered only for a limited purpose. You may consider this evidence only to evaluate Defendant's intent to commit the crimes alleged, her motive, and whether she knew of the deposits made to her accounts."

refund to be paid directly to her. This filing evidences Defendant's intent to commit fraud. The second prong of Fed. R. Evid. 404(b) is satisfied.

This evidence is only probative of Defendant Hunte's intent to commit the tax fraud based charged offenses. It is appropriate also to give an instruction limiting the jury's consideration of this evidence.[3]

## III. CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that the Government is allowed to introduce, pursuant to Fed. R. Evid. 404(b), evidence of the alleged fraudulent 2011 Tax Returns and evidence of the alleged fraudulent P.M. Tax Return.

**SO ORDERED** this 30th day of January, 2018.

WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE

---

[3] The Court intends to give the following limiting instruction: "Ladies and gentlemen, the Government has offered evidence of a fraudulent tax return filed on behalf of P.M and evidence that a portion of the refund from that filing was directly deposited into Defendant Hunte's personal bank account in February 2012. You may consider this evidence only for a limited purpose. You may consider this evidence only to evaluate Defendant's intent to commit the crimes alleged, her motive, and whether she knew of the deposits made to her accounts."